

**Signed and Filed: July 16, 2008**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

```
                UNITED STATES BANKRUPTCY COURT

             FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re                                )  Case No. 07-27982 A7
                                     )
ROYCE LEE MAKISHIMA and              )  Chapter 7
TERRA ANN MAKISHIMA,                 )
                                     )  (Pending in the United
                                     )  States Bankruptcy Court for
                       Debtors.      )  the Eastern District of
                                     )  California)
                                     )
GRACE MILES,                         )
                                     )
                       Plaintiff,    )
                                     )
    vs.                              )  Adv. Proc. No. 08-3037 TC
                                     )
ROYCE LEE MAKISHIMA; A.G. EDWARDS &  )
SONS, INC.; TERRA ANN MAKISHIMA,     )
                                     )
                       Defendants.   )
                                     )
```

**MEMORANDUM RE:(1) DEFENDANTS' MOTION TO REMAND; (2) PLAINTIFF'S MOTIONS TO STAY, FOR CONTINUANCE, AND TO DISQUALIFY**

For the reasons stated below, the court grants Defendants' motion to remand and declines to rule on Plaintiff's other pending motions.

**FACTS**

On November 17, 2004, Plaintiff filed San Mateo Superior Court case *Grace Miles v. Royce Makishima and A.G. Edwards & Sons, Inc.*, Case No. Civ. 443220 (the Action). The operative complaint in the

-1-

Action asserts 20 state-law claims.  A trial in the Action was held from June 12, 2007 through July 5, 2007.

On September 28, 2007, Defendant Makishima and his wife filed chapter 7 in the Bankruptcy Court for the Eastern District of California (Case No. 07-27982).  On October 12, 2007, the state court issued a 30-page tentative decision.  All claims in the Action were decided in favor of Defendants.  On March 21, 2008, Debtors and Trustee filed a stipulation to modify the automatic stay to retroactively validate the tentative decision and to permit the state court to enter final judgment in the Action.

On April 28, 2008, Plaintiff removed the Action to this court. The notice of removal provides that Plaintiff tentatively does not consent to bankruptcy court jurisdiction, or to the bankruptcy court's entry of final orders or judgments.  On May 28, 2008, Defendants filed a Motion to Remand, arguing *inter alia* that the claims are exclusively state-law claims, that the state court presided over the Action for three years and conducted a four-week trial, and that the state court has already issued an extensive decision tentatively resolving all claims.

On May 29, 2008, Plaintiff filed and served a Request for Stay of Proceedings, and a Request to Disqualify Morgan Lewis as counsel for Defendants.

On July 3, 2008, Plaintiff filed an Ex Parte Motion for Stay Pending Appeals.  On July 9, 2008, the court entered any order denying the Ex Parte Motion for Stay, due to Plaintiff's failure to serve the Motion and failure to comply with Bankruptcy Local Rule 9006-1.

On July 8, 2008, Plaintiff filed a Motion to Withdraw the Reference, alleging that the adversary proceeding involves personal

-2-

injury claims, and that Plaintiff has demanded a jury trial. Plaintiff also filed opposition to the Motion to Remand, arguing that the proceeding should be transferred to federal District Court, or retained by the bankruptcy court. Plaintiff contends that the state court unjustly denied her request for a jury trial, that the state-court judge signed the tentative decision for improper reasons, that the state court denied Plaintiff due process and generally treated her unfairly, and that the tentative decision was issued in violation of the automatic stay. Plaintiff also argues that remand is inappropriate, because she may prevail on her appeal of the bankruptcy court's order granting relief from stay, and on her appeal of the state-court order denying Plaintiff's motion to disqualify the trial judge.

On July 10, 2008, Plaintiff filed a second Ex Parte Motion for Stay Pending Appeals of the stay-relief order and order denying Plaintiff's motion to disqualify the state-court judge. The Motion also seeks to continue the hearing on the Motion to Remand, based on Plaintiff's alleged disabilities and inability to retain counsel.

On July 11, 2008, Plaintiff filed a Motion for Continuance and Request for Order Shortening Time, and a second Motion to Disqualify Morgan Lewis, which is set for hearing on August 29, 2008. On July 15, 2008, Defendants filed opposition to the Motion for Continuance, and the Motion to Disqualify.

**DISCUSSION**

"The court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause
-3-

of action . . . is not reviewable by appeal or otherwise. . . ." 28 U.S.C. § 1452(b).

I determine that the adversary proceeding should be remanded to state court. The removed Action involves purely state law claims over which this court has no independent jurisdiction (28 U.S.C. § 1334(b)), and trial in the Action has already concluded. All that remains is for the state court to enter final judgment, which it may do promptly upon remand. Considerations of both proper respect for the state court and judicial economy require that this proceeding be remanded to the state court for entry of final judgment in accord with that court's decision following trial.

This court is very mindful that Plaintiff strongly believes that she did not receive fair treatment from the state court. It is not appropriate, however, for this court to engage in appellate review of the state-court decision, or to try the case afresh and thereby ignore the fact that the state court already conducted a long trial. After the state court enters judgment, Plaintiff can pursue her grievance in the proper manner, by appealing the judgment to the California Court of Appeal.

Plaintiff's motion for stay pending appeal of the stay-relief order is not properly directed to this court, because this court did not issue that order and is not an appellate court. Fed. R. Bankr. P. 8005. I decline to rule on Plaintiff's motion for stay pending appeal of the state-court and motions to disqualify Morgan Lewis, because I am remanding this adversary proceeding to state-court.

**\*\*END OF MEMORANDUM\*\***
**\*\*END OF MEMORANDUM\*\***

**<u>Court Service List</u>**

Grace Miles
21 Willow Road, Suite 22
Menlo Park, CA 94025

Lindsey K. Schroeder, Esq.
Morgan, Lewis and Bockius
3000 El Camino Real, Suite 700
Palo Alto, CA 94306